IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL TINKHAM,

    Plaintiff,

    v.    No. CIV 14-0569 MCA/KK

CORIZON HEALTH SERVICES,
ELKE JACKSON H.S.A.,
KATHY ARMIJO H.S.A.,
GEO GROUP,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's removed Amended Complaint (Doc. 1-1, pp. 1-3) and on his Motion to Amend Complaint (Doc. 9, pp. 2-6) (together the "complaint"). Also under consideration is the Motion to Dismiss (Doc. 3) filed by Defendant Corizon, Inc. (incorrectly identified in the complaint as Corizon Health Services) ("Defendant" or "Corizon"). Plaintiff is incarcerated and appears pro se. He moved for free process in the state court, although the record does not reflect an order granting this relief. Based on Plaintiff's financial statement in the state court, he will be granted leave to proceed under 28 U.S.C. § 1915. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity

to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that in 2003, Plaintiff began serving a sentence imposed in a state criminal proceeding.  Plaintiff had previously been incarcerated, and he had tested positive for HIV in 1993 and 1995, at which time there was no available treatment.  Treatment had become available by the time he was incarcerated again in 2003, but by then Plaintiff's earlier test results had been falsified and he was denied treatment.  Plaintiff also alleges that Defendants reported negative results from his subsequent HIV tests in 2003, 2007, and 2008.  In 2014, however, he was told that he would begin receiving treatment, "which proves that Medical is aware of [his] condition, and not only lied about it, but also falsified all [his] test results."  The complaint seeks damages for the denial of treatment and an order requiring treatment for Plaintiff during his incarceration.

In its motion to dismiss, Defendant Corizon contends that Plaintiff's claims are barred by the applicable statute of limitations.  Corizon argues that Plaintiff has been aware of his medical condition since 1993, and of the alleged denial of treatment since 2003.  Corizon further asserts that the latest date on which Plaintiff alleges he was denied treatment was in 2008, and thus the limitations period expired no later than 2011.  Plaintiff argues in response that Defendants falsified his medical records by replacing his original positive diagnoses and by misstating the results of his later tests.  He asserts that he was unable to discover his claim until 2014, when

Defendant notified him that he was being moved to another facility in order to begin receiving treatment.

"[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.' " *Radloff-Francis v. Wyoming Medical Center*, 524 F. App'x 411, 412 (10th Cir. 2013). As Defendant correctly asserts, the limitations period for a section 1983 action is the forum state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd*, 471 U.S. 261, 280 (1985), and the limitation on personal injury actions in New Mexico is three years. *See* N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). Under the facts of this case, the issue is the accrual date of the limitations period against Plaintiff's claims. "[F]ederal law controls questions relating to accrual of federal causes of action," *see Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987), and "[s]ection 1983 claims accrue, for the purpose of the statute of limitations, ' "when the plaintiff knows or has reason to know of the injury which is the basis of his action," ' " *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (citations omitted).

The injury that Plaintiff asserts is the denial by Defendants of medical treatment for his serious medical condition. Plaintiff twice tested positive for HIV in 1993 and 1995. In 2003, when he was again incarcerated and re-tested, Defendants allegedly reported falsely that his test result was negative, and they denied Plaintiff treatment. "Because [Plaintiff] was, at the very least, on inquiry notice of the alleged [wrongful denial] as early as [2003], [he] had a duty to assert [his] rights at that time." *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1311 (10th Cir. 1999). The three-year limitations period applicable to Plaintiff's claims accrued in 2003 when he was originally denied available treatment.

3

Furthermore, even assuming for purposes of this Order that Defendants' alleged misrepresentation of test results amounted to fraudulent concealment of Plaintiff's actual medical condition, *see Kern ex rel. Kern v. Saint Joseph Hospital, Inc.,* 697 P.2d 135, 139 (N.M. 1985), the running of the limitations period was not tolled.  "[I]n a § 1983 suit, state tolling rules, not federal ones, apply."  *Roberts v. Barreras*, 484 F.3d 1236, 1242-43 (10th Cir. 2007).  Here, because Plaintiff knew of the denial of treatment in 2003, Defendants' alleged misrepresentations did not toll the limitations period.  "We conclude that *Kern* in fact explicitly holds that the statute of repose is not tolled by fraudulent concealment when the plaintiff knew of his or her cause of action within the statutory period."  *Tomlinson v. George*, 116 P.3d 105, 111 (N.M. 2005).   By the time he filed his complaint in 2014, the limitations period had long expired, and his claims are barred.  The Court will dismiss Plaintiff's complaint with prejudice as untimely filed.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint (Doc. 9, pp. 2-6) is GRANTED and is construed as an amended pleading;

IT IS FURTHER ORDERED that the Motion to Dismiss (Doc. 3) filed by Defendant Corizon, Inc. is GRANTED; Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE